11-198-ag
Khokhar v. Holder

BIA
A072 779 095

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand twelve.

PRESENT:
>ROBERT A. KATZMANN,
>BARRINGTON D. PARKER,
>REENA RAGGI,
>>*Circuit Judges.*

---

RAZAQ KHOKHAR,
>*Petitioner*,

v.                                        11-198-ag
>>>>>>>NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>*Respondent*.

---

FOR PETITIONER:          Khagendra Gharti-Chhetry, New York, N.Y.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Nairi S. Gruzenski, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Razaq Khokhar, a native and citizen of Pakistan, seeks review of a December 20, 2010, decision of the BIA denying his motion to reopen. *In re Razaq Khokhar*, No. A072 779 095 (B.I.A. Dec. 20, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Khokhar's motion to reopen for abuse of discretion, *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006), and the BIA's determination of changed country conditions for substantial evidence, *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). An alien may file one motion to reopen within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(A)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although Khokhar's motion was indisputably untimely and number-barred because it was filed more than two years after the agency's final order of removal and was his second motion, *see* 8 U.S.C. § 1229a(c)(7)(A)(C)(i), there is no limitation on a motion filed to apply or reapply for asylum if it is "based on changed country conditions arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding," 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). Here, Khokhar fails to challenge the BIA's dispositive finding that he failed to satisfy this changed conditions exception, thus waiving any such argument. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007) (deeming arguments not raised before the Court abandoned). Accordingly, Khokhar's failure to challenge the BIA's dispositive finding is fatal to his petition for review.

Nevertheless, we note that the BIA did not abuse its discretion in denying the motion, as the evidence Khokhar submitted was available, could have been presented at his prior hearing, and did not establish a material change in country conditions since Khokhar's May 2006 proceeding. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3